IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff                          Case No.   3:12-CR-21

       -vs-

GEORGE J. DAOUD

                                       Judge Thomas M. Rose

       Defendant

---

ENTRY DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA (DOC. 76)

---

       This matter comes before the Court pursuant to Defendant's Motion to Vacate Plea (Doc. 76) filed September 12, 2013, the Government's response (Doc. 77) filed July 15, 2013 and the Defendant's Reply (Doc. 78) filed July 22, 2013.

       The Defendant entered pleas of guilty to Counts 1, 46 and 92 of the Indictment in the above captioned case on October 16, 2012.  Subsequent to said plea on July 10, 2013 Defendant filed a Motion to Continue the disposition for the purpose of obtaining *Brady* material from the Government.  In response, the Government asserted that all available documentary evidence/information was previously provided to both the Court (in camera) and the Defendant.

       The Defendant followed said Motion with his Motion to Vacate (Doc. 76).

       Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing only if he can show a fair and just reason for requesting the withdrawal. The basis for this request is that the alleged *Brady* material, impeaching information in this case, was not disclosed to him prior to him entering his plea and renders his plea unknowing, unintelligent and involuntary as he would not have entered such and would have proceeded to trial upon "now discovered" information.

       The Constitution or case law does not require the Government to disclose impeachment information prior to entering a plea.  *United States v. Ruiz*, 536 U.S. 622 at 629 (2002).   That information is disclosed before trial and is "more closely related to the fairness of a trial than to the voluntariness of a plea."   The Court does not have before it any factors that would weigh in favor of the Defendant's plea withdrawal.  *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994).

The Defendant filed this Motion approximately nine (9) months after his plea with no real reason expressed for said delay.   During this delay, the Defendant did not, to the Court's knowledge, assert his innocence.   Again, the only reason asserted for the withdrawal is the alleged failure of the Government to disclose *Brady* material, not before trial, but, before his plea.   The Defendant is not entitled to such.

Therefore, the Court finding no factors under Criminal Rule of Procedure 11(d)(2)(B) and *United States v. Bashara*, 27 F3d 1174 (6th Cir 1994) to justify the Defendant's Motion to Withdraw, said Motion is DENIED.

IT IS SO ORDERED.

November 27, 2013                                             *s/THOMAS M. ROSE

                                                             Thomas M. Rose, Judge
                                                             United States District Court